# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:23-CV-00033-HBB

**BILLY D.**[1]                                                                                                                **PLAINTIFF**

**VS.**

**MARTIN O'MALLEY, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**[2]                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Billy D. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 10) and Defendant (DN 14) filed Fact and Law Summaries. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). By Order entered May 12, 2023 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

FINDINGS OF FACT

On October 14, 2020, Plaintiff protectively filed an application for disability and disability insurance benefits (Tr. 98, 314-15). Plaintiff alleged that he became disabled on April 27, 2019, as a result of back pain, compression fracture of L1, pinched nerve in back, anxiety, depression, acid reflux, and bilateral ankle pain (Tr. 98, 168, 184, 400). The application was denied initially on January 11, 2021, and upon reconsideration on May 19, 2021 (Tr. 98, 181, 183).[3] On June 29, 2021, Plaintiff filed a written request for a hearing (Tr. 98, 243).

On November 23, 2021, Administrative Law Judge Scott C. Shimer ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances of the COVID-19 pandemic (Tr. 98, 120). Plaintiff and an attorney representative, Charles Burchett, were present on the line (Tr. 98, 120-21). Nahira Flores Vazquez, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated January 26, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 98-110). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 27, 2019, the alleged onset date (Tr. 100). At the second step, the ALJ determined that Plaintiff has the following severe impairments: an L1 compression fracture status post L1 kyphoplasty; status post T12-L2 fusion; and obesity (Id.). The ALJ found Plaintiff has the following non-severe impairments: depression, anxiety, hypertension, gastroesophageal reflux diseases, asthma-like symptoms including wheezing, and blood pressure (Tr. 100-01). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 102-03).

---

3 The ALJ indicates the application was denied initially on January 12, 2021 (Tr. 19). As the Disability Determination and Transmittal form indicate January 11, 2021 (Tr. 181), the undersigned has used that date.

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except: he can sit, stand, and walk no more than one hour at a time but can stand and/or walk up to four hours in an eight-hour workday; he can occasionally balance, kneel, and crouch; he can occasionally stoop, crawl, and climb ramps or stairs; he should not climb ladders, ropes, or scaffolds; he should not work at unprotected heights or around unguarded moving machinery; and he can occasionally operate foot controls with the bilateral lower extremities (Tr. 104).

Next, the ALJ determined that Plaintiff was unable to perform his past relevant work (Tr. 108). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (Tr. 109). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act from April 27, 2019, through the date of the decision (Tr. 110).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 309-11). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even

if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-696.

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

4

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

<u>Finding Nos. 3, 5, 10, and 11</u>

1. <u>Arguments of the Parties</u>

Plaintiff raises multiple challenges to the ALJ's decision. First, Plaintiff argues that finding No. 3 is not supported by substantial evidence as the ALJ did not find Plaintiff's L3 and L5 spondylosis and nerve compression and right SI joint pain diagnoses to be severe impairments. Second, Plaintiff challenges the ALJ's RFC determination by claiming the ALJ's decision fails to consider all the clinical examination or ignores "subsequent pain management exhibit (21F) showing positive provocative testing for SI joint disease" (DN 10 PageID # 1323). Plaintiff also argues the ALJ improperly considered Dr. Hazlewood's opined limitations (<u>Id.</u> at PageID # 1327).

5

Third, Plaintiff argues that new and material evidence was submitted to the Appeals Council should warrant a prejudgment remand under sentence six of 42 U.S.C. § 405(g). Plaintiff asserts the evidence, dated between November 5, 2021 and March 31, 2022, shows the progression of his "SI joint disease after the November 23, 2021 administrative hearing and the January 26, 2022 decision" and the findings of slower gait would diminished his "capacity for light work as adjudged with standing and walking abilities up to four hours per day" (Id. at PageID # 1325-26). Lastly, Plaintiff argues Finding Nos. 10 and 11 are unsupported by substantial evidence based on his earlier arguments (Id. at PageID # 1328).

      Defendant contends substantial evidence supports the ALJ's decision and that the evidence submitted to the Appeals Council does not warrant a sentence six remand (DN 14). First, Defendant argues Plaintiff has not met his burden to show that the "L3-L5 spondylosis or his right-sided joint pain constituted severe impairments[,]" that the evidence Plaintiff cites to "contain mostly unremarkable findings such as normal walking, a normal gait, a normal posture, and normal strength in the upper and lower extremities[,]" and that any error for failing to find the spondylosis a severe impairment is not reversible error (Id. at PageID # 1340-41). Second, to Plaintiff's RFC argument, Defendant claims the ALJ considered evidence of the record as a whole to determine Plaintiff was able to perform a range of light work and that the ALJ cited to appropriate evidence, including evidence dated after February 2021 (Id. at PageID # 1348). Third, regarding Dr. Hazlewood's opinion, Defendant states the opinion was based on extensive evidence, and did not address Plaintiff's lumbar fusion alone" and that ALJ applied more restrictive limitations than Dr. Hazlewood's opined limitations (Id. at PageID # 1352-53). Fourth, Defendant asserts the evidence submitted to the Appeals Council is not new nor material (Id. at PageID # 1349-50).

2. Discussion

    a. *Sentence Six Remand*

At issue is additional medical evidence that Plaintiff submitted to the Appeals Council after the November 23, 2021 hearing and the ALJ's January 26, 2022 decision (DN 10 PageID # 1325). The Appeals Council found the submitted evidence either did not show a reasonable probability that it would change the outcome of the decision or it did not relate to the period at issue and therefore did not affect the disability decision (Tr. 2).[4] In his brief, Plaintiff cites to the following additional evidence: a November 24, 2021 treatment note that shows a change in diagnosis from right SI joint pain to bilateral SI joint osteoarthritis; a June 6, 2022 statement of pain management; and findings of slow gait on January 14, 2022 and March 31, 2022.

"A district court's authority to remand a case . . . is found in 42 U.S.C. § 405(g) . . ." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 482-83 (6th Cir. 2006). The sixth sentence of § 405(g), authorizes "a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] . . ." Faucher v. Sec'y of Health & Hum. Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).

The Supreme Court of the United States has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of the administrative proceeding. . . ."

---

4 The Appeals Council made the following comments concerning Plaintiff's additional evidence:
    You submitted medical records from TJ Health Pavilion dated February 11, 2020 to September 13, 2021 (27 pages) and from TJ Pain Managment [sic] dated November 5, 2021 to January 14, 2022 (28 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

    You submitted medical recoreds [sic] from TJ Health Pavilion dated May 9, 2022 (4 pages), from TJ Pain Management dated March 15, 2022 to April 12, 2022 (15 pages) and from TJ Sampson Pain Management dated June 6, 2022 (8 pages). The Administrative Law Judge decided your case through January 26, 2022. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 26, 2022.

(Tr. 2).

Sullivan v. Finkelstein, 496 U.S. 617, 618 (1990); see Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (indicating that evidence is "new" if it was not available to the claimant at the time of the administrative proceeding). The Sixth Circuit uses "administrative proceeding" and "hearing" interchangeably in its discussion of the applicable law. See e.g., Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Thus, in assessing whether the evidence is new, the issue is whether the medical records existed or were available to Plaintiff at the time of the administrative hearing.

Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." Ferguson, 628 F.3d at 276 (quoting Foster, 279 F.3d at 357); Sizemore v. Sec'y of Health & Hum. Servs., 865 F.2d 709, 711 (6th Cir. 1988). Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. Sizemore, 865 F.2d at 712.

"Good cause" is demonstrated by showing "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster, 279 F.3d at 357 (emphasis added). Clearly, this rule of law applies when the medical evidence is available at the time the ALJ conducts the administrative hearing. The Sixth Circuit has also indicated that "good cause" is "shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." Koulizos v. Sec'y of Health & Hum. Servs., No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986) (citing Wilson v. Sec'y of Health & Hum. Servs., 733 F.2d 1181 (6th Cir. 1984); Willis v. Sec'y of Health & Hum. Servs., 727 F.2d 551 (6th Cir. 1984)). This rule of law applies when the evidence is not available at the time the ALJ conducted the administrative hearing. For

example, in Wilson the medical evidence concerned treatment the claimant received months after the administrative hearing. 733 F.2d at 1182-83.

Plaintiff argues that the November 24, 2021 treatment note shows the progression of his SI joint pain, which the ALJ did not find to be a severe impairment, and that the ALJ would not have made his conclusion that Plaintiff was capable of unlimited sitting at work (DN 10 PageID # 1325-26).[5] The ALJ conducted the hearing on November 23, 2021, therefore the November 2021 treatment note was not in existence and available to Plaintiff at the time of the hearing. However, the treatment note is not material as the evidence merely depicts an aggravation or deterioration in an existing condition of Plaintiff's SI joint pain. Sizemore, 865 F.2d at 712.

Next, Plaintiff asserts the June 6, 2022 statement of pain, which referenced a February 18, 2022 X-ray, "suggests that post-surgical evaluations like those heavily relied upon by the ALJ were not reflective of the totality of the Plaintiff's pathologies and as treatment ran its course into a wider-focused pain management approach, a greater extent of condition causing impairment became apparent" (DN 10 PageID # 1325-26). Again, this evidence is not material as it depicts an aggravation or deterioration of Plaintiff's existing condition. Sizemore, 865 F.2d at 712. Additionally, a sentence six remand is only appropriate where the new evidence relates "to the time period on or before the date of the ALJ's decision." Archer v. Comm'r of Soc. Sec., 176 F. App'x 80, 82 (11th Cir. 2006); Lawson v. Berryhill, Civil Action No. 17-91-HRW, 2018 WL 1785564, at *5 (E.D. Ky. Apr. 13, 2018). Following this reasoning, Plaintiff's submitted evidence of slowed gait on March 31, 2022, that is also not relevant.

---

5 The RFC limitation includes a one hour at a time limitation for sitting, not "unlimited" as Plaintiff asserts in his brief (Tr. 104).

Lastly, the slow gait finding on January 14, 2022 does not warrant a remand. First, the undersigned does not find this evidence would be material when the ALJ crafted the RFC based on Plaintiff's past medical history, his daily activities, and medical opinions of the record. Plaintiff's request for a sentence six remand for newly submitted evidence is denied.

### b. Step Two Challenge

At the second step in the sequential evaluation process a claimant must demonstrate he suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." 20 C.F.R. § 404.1520(a)(4)(ii); SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. § 404.1521; SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017). To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. "'Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error.'" Jeffery G. v. Comm'r of Soc. Sec., No. 2:21-cv-938, 2022 WL 1314433, at *7 (S.D. Ohio May 3, 2022) (quoting Hobbs v. Comm'r of Soc. Sec., No. 1:14-cv-121, 2015 WL 4247160, at *5 (W.D. Mich. July 13, 2015)).

Here, the ALJ found Plaintiff had severe impairments—an L1 compression fracture status post L1 kyphoplasty, status post T12-L2 fusion, and obesity. The ALJ nevertheless discussed: Plaintiff's non-severe physical impairments throughout the decision, focusing on his history of lumbar degenerative disc disease, a CT of the lumbar spine and MRI findings, Plaintiff's subjective complaints, a kyphoplasty procedure, an evaluation by a neurosurgeon and spine specialists, a low back surgery, imaging studies that showed Plaintiff had "only a moderate compression fracture of L1 with 50% loss of normal vertebral body height and kyphoplasty changes," a physical examination by Dr. Hazlewood, and the opinions of the state agency medical consultants (Tr. 102, 104, 105, 106, 107, 108). Therefore, the ALJ's failure to find additional severe impairments at step two is legally irrelevant. Jeffery G., 2022 WL 1314433, at *7.

    c. *Challenges to the RFC*

The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The Administrative Law Judge makes this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC determination the Administrative Law Judge must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.

Plaintiff contends the ALJ failed to consider all the relevant objective diagnostic evidence when evaluating his symptoms required under 20 C.F.R. § 404.1529. Specifically, 2021 post-surgery clinical examinations, subsequent pain management exhibits that showed positive proactive testing for SI joint disease (DN 10 PageID # 1323) (citing Tr. 1144, 1164, 1213, 1239,

11

1250, 1263, 1279). The medical evidence that Plaintiff claims the ALJ ignored are office visit notes from Dr. Bahadur, dated April 28, 2021 and September 1, 2021, Dr. Clochette, dated October 6, 202, and physical therapy discharge summaries from August to November of 2020 (21F, 25F). The ALJ did not cite to Dr. Clochette's physical therapy discharge summaries in the decision, however, the ALJ's RFC determination is supported by substantial evidence as he used medical evidence of the record to support his finding. Further, the ALJ did cite to medical records during this same time period as Dr. Clochette's physical therapy notes (Tr. 101, 107) (citing 18F, 20F, 21F). Additionally, the ALJ is not required to mention every piece of record evidence in their decision. James D. v. Kijakazi, No. 3:23-CV-00022-CRS-RSE, 2023 WL 8361807, at *4 (W.D. Ky. Nov. 14, 2023) (citing Simons v. Barnhart, 114 F. App'x 727 (6th Cir. 2004)).

Next, Plaintiff argues the ALJ "failed to recognize that the doctor's assessed lifting and standing limitations were only meant to pertain to the work-related portion of Plaintiff's impairments" and, therefore, the "limitations do not address the Plaintiff's adjacent level spine disease and SI joint findings which Dr. Hazlewood opined were not work-related" (DN 10 PageID # 1327). Plaintiff's argument is not persuasive. The ALJ discusses Dr. Hazlewood's opinion with the following:

> On June 3, 2021, the claimant attended an independent medical examination conducted by Jeffrey E. Hazlewood, M.D. (Exhibit 17F). The claimant reported that he is independent with activities of daily living; he tries to stay active; he walks and does household chores; he is able to ride a lawnmower but cannot push a lawnmower or weed eat; he is able to lift up to 20 pounds or so, he thinks; he is able to sit one hour at a time; stand and walk about 45 minutes at a time; he can drive short distances; he does not lie down during the day; he no longer hunts or fishes but states that he is not sure whether he could do this or not; he does not ambulate with an assistive device; and he goes to the grocery store and does outside activities at times, but not heavy activity. On the physical exam, the claimant exhibited some pain getting on and off the examination table; he has no spasm in the back but there is some hypertonicity of the lower thoracic and upper lumbar paraspinals bilaterally; there is no guarding or asymmetrical range of motion; his straight leg-raising test is negative bilaterally but he noted some low back pain generally; motor

> testing is normal at 5/5; toe and heel rises are normal; he is able to toe and heel walk without difficulty; there is no visual atrophy; and his gait is non-antalgic but slightly slow and cautious.  Dr. Hazlewood opined that the claimant has 20-23% whole person impairment rating; he noted that the claimant remains completely independent with activities of daily living; and he has some mild functional impairment as he cannot do his recreational activities (hunting and fishing).  Only reasonable conservative treatment is indicated going forward.  In terms of work activity, the claimant can lift and/or carry up to 25 pounds occasionally; he could push or pull no more than 40 pounds occasionally; he could occasionally bend and twist the back; he should change positions every hour, alternating sitting, standing, and walking, but not standing or walking more than one hour at a time; he needs to alternate each of these with sitting in between again no more than one hour at a time; and he should avoid motorized equipment and safety sensitive jobs such as working at heights, because of his medications, which can have a central sedating effect potentially.  Dr. Hazlewood noted that based on the claimant's description of his past jobs, he would likely not be able to return to those, but he is able to work within the parameters of these permanent restrictions.  The undersigned notes that Dr. Hazlewood's findings and his medical opinion are consistent with the medical evidence of record showing improvement with surgical and medical treatment but some persistent pain complaints.  Additionally, the assessment is consistent with the residual functional capacity defined above.  Accordingly, the assessment is generally persuasive.

(Tr. 107).  As the quoted passage shows, the ALJ summarized Dr. Hazlewood's opinion by mostly discussing Plaintiff's complaints, his daily activities, and Dr. Hazlewood's own observations of Plaintiff during the physical examination (Id.).  Additionally, Dr. Hazlewood's opinion demonstrates that he reviewed Plaintiff's past medical history (Tr. 1118-29).  The ALJ's summary and explanation of the persuasiveness of Dr. Hazlewood's opined limitations when crafting the RFC does not warrant a remand because the ALJ accurately reviewed the opinion, which did not only cover Plaintiff's lumbar fusion but also the evidence previously discussed.

Plaintiff argues that Finding Nos. 10 and 11 are not supported by substantial evidence because they are based on an RFC finding that is not supported by substantial evidence (DN 10 PageID # 1328).  As explained above, the ALJ's RFC finding is supported by substantial evidence and comports with applicable law.  Therefore, Findings Nos. 10 and 11 are also supported by substantial evidence and Plaintiff is not entitled to relief on these claims.

13

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003)). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief regarding his challenge.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's request for pre-judgment remand pursuant to the sixth sentence in 42 U.S.C. § 405(g) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**.

February 9, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to: Counsel of Record